THE HONORABLE RONALD B. LEIGHTON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| **CRISTEN LOVE, PATRICIA IMANI,** | ) **NO.  3:09-cv-05531-RBL** |
| **STEPHANIE SNYDER,** | ) |
| | ) **ORDER ON** |
| **Plaintiffs,** | ) **CROSS MOTIONS FOR PROTECTIVE** |
| | ) **ORDER AND FOR SANCTIONS** |
| **v.** | ) **[Dkt #s 19, 26]** |
| | ) |
| | ) |
| **CITY OF OLYMPIA, et al;** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

       This matter is before the court on the following motions: Plaintiff's Motion for

Protective Order and for Sanctions [Dkt. #19]; Defendants' Motion for a Protective Order and

for sanctions [Dkt. #26] and Plaintiff's Motion for Leave to file an over length brief in response

[Dkt. #39].  The latter request [Dkt. # 39] is GRANTED.

       At issue is the conduct of both counsel at the depositions of Plaintiffs, including Cristen

Love.  Plaintiff claims that defense counsel was intimidating the Plaintiffs, asking them to

identify witnesses and other protest attendees in violation off their First Amendment Rights,

and making them repeat traumatic testimony about the clothes they were wearing, what parts of

their bodies were covered (or not covered) by their clothing, and what they were forced to wear

ORDER                                                                                                                    1

1   and endure after their arrest.  Plaintiff's counsel seeks a protective Order and sanctions against

2   Defense Counsel.

3          Defense counsel claims that Plaintiff's counsel is not telling the truth about what

4   happened in the deposition, was actively coaching his clients to appear and act traumatized for

5   the videographer, and interposing frivolous and improper objections to legitimate discovery.

6   Defense counsel ended the deposition and now seeks a protective Order and sanctions against

7   Plaintiff's counsel.  He also seeks an Order compelling the Plaintiffs to answer questions about

8   other witnesses, notwithstanding the Plaintiffs' First Amendment objection.

9          The Court has neither the time nor the inclination to mine the record in an effort to

10  make factual determinations as to whether one counsel was coaching or the other was

11  intimidating.  Attorneys practicing in this Court are officers of the Court and will conduct

12  themselves accordingly.  Counsel are urged to review and comport themselves in accordance

13  with the American College of Trial Lawyers' Code of Pretrial and Trial Conduct, 2009, which

14  can be located on the College's website.  The role of an attorney defending his client's

15  deposition is a passive one.  Speaking objections are not proper and are not permitted.

16  Instructions not to answer are generally improper, with very specific exceptions. A lawyer  is

17  free to "woodshed" his clients prior to the deposition, and during breaks.  He is not permitted to

18  coach during the deposition.  The Motions for Sanctions are, at this time, DENIED.

19         If the sorts of unnecessary squabbles outlined in the materials submitted in connection

20  with these motions continue, future such filings will result in an imposition of sanctions on the

21  losing party(ies).  The Court has in the past reluctantly ordered that depositions occur in the

22  courthouse, with the Judge available to referee and make on the spot rulings.  It is expected that

23  such a remedy will not be necessary in this case.

ORDER                                                                                               2

1    The remaining issues relate to Motions to Compel and for Protective Orders.  First,

2    Plaintiff's First Amendment rights are not implicated by a defense attorney asking them who

3    else witnessed the events alleged in the complaint.  It does not appear from the record that the

4    Plaintiffs' "organization" is in any way akin to the NAACP in the 1950s, or that defense

5    counsel is seeking to use the Plaintiffs' depositions in an underhanded manner to determine the

6    identity of those members in a way that could conceivably infringe on their right to associate or

7    speak. Instead, the defense is permitted to ask about witnesses and the identity of other

8    attendees who may have seen what occurred.  The defense is not limited to the witness list

9    prepared by Plaintiffs' counsel.  The Motion to Compel those answers is GRANTED, and the

10    Motion for a Protective order on that subject is DENIED.

11    Plaintiffs' Motion for a Protective Order on the defense counsel's repeated inquiries

12    into the clothing they were wearing and forced to remove is also DENIED.  However, it is

13    expected that counsel will use appropriate sensitivity and refrain from engaging in gratuitously

14    embarrassing or intimidating questioning.

15    IT IS SO ORDERED.

16    Dated this 21st day of July, 2010.

17

18    _____

19    RONALD B. LEIGHTON

20    UNITED STATES DISTRICT JUDGE

21

ORDER                                                                                            3