UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTEN LOVE, PATRICIA IMANI, and STEPHANIE SNYDER,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF OLYMPIA, et al.,<br><br>Defendant. | CASE NO. C09-5531-RSM<br><br>SECOND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

# I. INTRODUCTION

This matter comes before the Court upon Defendants' Motion for Summary Judgment (Dkt. #71). On April 14, 2011, the Court issued an order granting Defendants' motion in part and denying Defendants' motion in part (Dkt. #103). Construing all reasonable inferences in favor of Plaintiffs, the Court denied summary judgment on two of Plaintiffs' claims – that for assault and that for violation of the Equal Rights Amendment of the Washington State Constitution – for the reason that Defendants had not identified specific elements of the claims for which Plaintiffs had failed to make a sufficient showing. Dkt. #103, p. 9, 11. However, upon

further review, and in light of the previous motion, the Court, *sua sponte,* concludes that both of these claims should be dismissed.

## II. DISCUSSION

### A. Assault

Upon further examining the evidence in preparation for trial, the Courts finds that Plaintiffs have failed to make a sufficient showing on two elements of their claim for assault. "An assault is an attempt, with unlawful force, to inflict bodily injuries upon another, accompanied with the apparent present ability to give effect to the attempt if not prevented." *Brower v. Ackerley,* 88 Wash.App. 87, 92 (1997). Pursuant to the Restatement (Second) Torts § 21:

> (1) An actor is subject to liability to another for assault if
>
> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
>
> (b) the other is thereby put in such imminent apprehension.

Plaintiffs allege in their complaint that "[t]he strip search and exposed conditions that Defendant ordered Plaintiffs and other women to disrobe to and ordered them to remain in, in front of male officers, corrections officers and prisoners reasonably and foreseeably caused them to fear further battery and violations, and they were in great fear thereof." Dkt. #1, ¶ 4.36. Plaintiffs do not allege that the Defendant officers *intended* to cause imminent apprehension of harmful or offensive contact, only that such apprehension was reasonable and foreseeable. However, an action that is not done intentionally "does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it." Rest. (2d) Torts § 21(2). Even if Plaintiffs had alleged that the officers intentionally caused the Plaintiffs fear of harm, they have not presented any evidence that would support such a finding.

*Celotex*, 477 U.S. at 323 (holding that the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment). Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claim for assault.

Summary judgment on Plaintiffs' assault claim is appropriate for the additional reason that Plaintiffs have failed to make a sufficient showing on the element of unlawful force. For a threat of contact to constitute assault, the threatened contact must be unlawful. *Brower*, 88 Wash.App. at 92. There is no genuine issue of material fact regarding the manner in which Plaintiffs were allegedly threatened. Officers King and Crumpton may have been armed when Plaintiffs were subjected to the contested searches. The evidence indicates that at least one Plaintiff "didn't feel like it was okay for [her] to protect [herself] in any way, shape, or form because that might have been viewed as ... aggressive or something like that in that situation," suggesting that she indeed may have felt threatened by the officers' weapons or by their position of authority. However, there is neither evidence nor any allegation that any Defendant removed weapons from their holsters or pointed weapons at Plaintiffs during any point during the search. The Court declines to hold that the mere fact that an officer is armed or is in a position of authority – as he or she often must be as a police or corrections officer – gives rise to a separate, cognizable action for assault if that officer allegedly engages in an unlawful search.

Since Plaintiffs have failed to make a sufficient showing as to the element of intentional conduct, and have failed to make a sufficient showing as to the element of unlawful force, Defendants' Motion for Summary Judgment with respect to Plaintiffs' claim for assault is hereby GRANTED. Plaintiffs' claim for assault is dismissed for the additional reason that Plaintiffs fail to address the claim in their Opposition to Defendants' Motion for Summary Judgment. Local

Rule CR 7(b)(2). The Court vacates the prior Order on Summary Judgment (Dkt. #103) as to this claim.

## B. Violation of the Equal Rights Amendment under the Washington State Constitution

Upon further review of Plaintiffs' claim for violation of the Equal Rights Amendment ("ERA") to the Washington State Constitution, the Court determines that Plaintiffs fail to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Plaintiffs' complaint alleges that "Plaintiffs were sexually exposed and violated in an illegal strip search that violated jail policy, and without cause or justifications ... based on their gender as women." Dkt. #1, ¶ 4.17. Plaintiffs also allege that "Defendants [sic] conduct towards Plaintiffs and other in conducting the illegal strip searches and public exposure and humiliation of Plaintiffs and other women violates Article XXXI of the Washington State Constitution in that it unlawfully discriminated against them and was an attack on them based on their gender as women." *Id.* at 4.18.

Plaintiffs do not allege that the jail policy violated the constitution, only that the Defendants' conduct did so. Dkt. #1 at 4.17. However, Plaintiffs have not identified any statute or common law cause of action, akin to the federal cause of action under 42 U.S.C. §1983, that would entitle them to relief for individual conduct that allegedly violates the ERA. *Cf. Southwest Wash. Chapter, Nat'l Elec. Contractors Ass'n v. Pierce County*, 100 Wash. 2d 109, 127, (1983) (ERA challenge to county affirmative action plan); *MacLean v. First N.W. Indus.*, 96 Wash. 2d 338, 347-48 (1981) (ERA challenge to discount ticket pricing policy on "ladies' night"); *Seattle v. Buchanan*, 90 Wash. 2d 584, 592 (1978) (ERA challenge to lewd conduct ordinance prohibiting exposure of female breasts); *Marchioro v. Chaney*, 90 Wash. 2d 298, 305-06 (1978) (ERA challenge to state statute requiring equal representation of both sexes on

1 | political committees), aff'd, 442 U.S. 191 (1979); *State v. Wood*, 89 Wash. 2d 97, 103 (1977)
2 | (ERA challenge to filiation provisions of statute); *Darrin v. Gould*, 85 Wash. 2d 859, 877 (ERA
3 | challenge to athletic association rule); *Singer v. Hara*, 11 Wash. App. 247, 264 (1974) (ERA
4 | challenge to marriage statute).

5 |     Further, Plaintiffs seek general and special damages for the alleged violation. Dkt. #1 at
6 | 4.19. However, the Court is not aware of any published decisions on cases brought directly
7 | under the Washington State Constitution that allow for the imposition of damages. *Cf. Darrin*, 85
8 | Wash. at 877 (action for injunctive relief); *Marchioro*, 90 Wn.2d at 305 (action for declaratory
9 | and injunctive relief); *Brayman*, 110 Wn.2d at 200-01 (motion to bar prosecution, dismiss
10 | charges and suppress evidence based on allegedly unconstitutional statutory amendment).

11 |     Most crucially, while detailed factual allegations in a complaint are not necessary, the
12 | plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the
13 | elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
14 | Plaintiffs' allegations that the searches in question "violates Article XXXI of the Washington
15 | State Constitution" and "unlawfully discriminated against them and was an attack on them based
16 | on their gender as women" are both legal conclusions, unsupported by factual allegations that
17 | would demonstrate, for example, that men were treated differently or that there was a
18 | discriminatory impetus for the Defendants' actions.

19 |     The Court noted in its previous order that Plaintiffs' complaint "barely sketches the
20 | contours of a disparate impact gender discrimination claim under the ERA." Upon further
21 | examination of the sketch, it is simply insufficient to state a claim for which relief can be
22 | granted. A district court does not have a duty to search a record for evidence that would support
23 | Plaintiffs' claims. *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007); *Carmen v. S.F.*
24 |

*Unified Sch. Dist.,* 237 F.3d 1026, 1031 (9th Cir. 2001). Accordingly, Plaintiffs' claim for gender discrimination under the ERA is hereby dismissed without prejudice. The Court vacates the prior Order on Summary Judgment (Dkt. #103) as to this claim.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion for Partial Summary Judgment (#71) is hereby GRANTED in part and DENIED in part. All of Plaintiff's claims are dismissed except for the following claims:

   a. Plaintiffs' 42 U.S.C. § 1983 claim against Defendants King, Crumpton and Robertson for violation of Plaintiffs' Fourth Amendment rights.

   b. Plaintiffs' 42 U.S.C. § 1983 claim against the City of Olympia for violation of Plaintiffs' Fourth Amendment rights.

   c. Plaintiffs' tort claim for intentional infliction of emotional distress.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated April 21, 2011.

RICARDO S. MARTINEZ
United States District Court Judge